672 P.2d 1074

Sylvester T. TIPPETT and Margery A. Tippett, husband and wife, Plaintiffs, Cross-Respondents,

v.

Edward N. BAYMAN and Eleanor E. Bayman, husband and wife, dba Beefalo Billy's Family Restaurant, Bayman Ranch, aka B Ranch, 9–S Cattle Company, Bayman's Breeding Service; E. Earle Bayman and Edna C. Bayman, husband and wife; Grassland West Co.; and Daniel Hazelbaker and Jane Doe Hazelbaker, husband and wife, Defendants, Cross-Appellants.

No. 13973.

Court of Appeals of Idaho.

Dec. 6, 1983.

S. David Swayne, Moscow, Clinton J. Henderson, Clarkston, Wash., for defendants, cross-appellants.

William B. Taylor, Jr., Grangeville, for plaintiffs, cross-respondents.

McFADDEN, Judge Pro Tem.

This case arises from a dispute primarily concerning the possession and sale of beefalo cattle, a cross-breed of beef and buffalo. These cattle were the subject of a secured loan and a lease. The Tippetts loaned money to Edward and Eleanor Bayman and took a security interest in certain cattle, hay and other property owned either by Edward and Eleanor Bayman or by Edward's parents, Earle and Edna Bayman. Certain other cattle were leased by the Baymans to the Tippetts. The Tippetts were given a security interest in the "leased" cattle and also were given the right to become owners of a certain number of the offspring of the leased cattle. There ensued a complex series of events, including proceedings upon a bankruptcy petition filed by Edward and Eleanor Bayman, which need not be detailed here. The Baymans allegedly defaulted on their obligation to the Tippetts, and the parties made conflicting claims to the cattle and to other secured property.

The Tippetts ultimately filed an action against the Baymans seeking possession of pledged property not already in their possession. The Tippetts alleged fraud and breach of contract, and they moved to quiet

title to the Bayman property in themselves. The Baymans answered and tendered money into court to redeem the collateral, plus costs and attorney fees.

Following a hearing, the district court ruled that a right of redemption did exist in the Baymans. The court fixed the amount to redeem, and ordered the return of the collateral to the Baymans upon payment by them of that amount. Before returning the collateral, the Tippetts sold several of the cattle. Some of the secured hay also was missing and unaccounted for. The court found that the cattle sale had been held in a commercially reasonable manner and that the hay had been either used in the care of the cattle or had spoiled through no fault of Tippetts. The district court awarded judgment of $8,989.72 to Edward Bayman for collateral that was sold, damaged or unaccounted for. The court denied a claim by the Baymans for damages arising from an alleged battery committed upon Earle Bayman by Mr. Tippett during a confrontation related to these events. The court also ruled that although the Tippetts had breached the lease, the Baymans' request for an award of attorney fees should be denied.

Neither side was satisfied with the judgment. Both appealed. The Tippetts' appeal was dismissed by order of the Supreme Court for reasons not pertinent here. The case is now before us solely upon the Baymans' cross-appeal. We affirm the judgment below.

In their cross-appeal, the Baymans contend that the sale of the beefalo cattle was not conducted in a commercially reasonable manner. They point to the Tippetts' failure to conduct a sale specifically for beefalo cattle, the failure to give notice of the sale to the Baymans and to the lack of advertising of the sale in the Beefalo Association magazine. The cattle were sold at an ordinary livestock auction in Lewiston, Idaho. The trial court found that there was no recognized beefalo market in Lewiston, but nonetheless concluded that the sale had been held in a commercially reasonable manner and that the Baymans had failed to

prove that the beefalo could have been sold for the larger sums which they claimed.

■ The sale of collateral held as security is governed by I.C. § 28–9–504. The determination of what is a commercially reasonable sale of collateral is addressed in I.C. § 28–9–507(2):

"The fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner. If the secured party either sells the collateral in the usual manner in any recognized market therefor or if he sells at the price current in such market at the time of his sale or if he has otherwise sold in conformity with reasonable commercial practices among dealers in the type of property sold he has sold in a commercially reasonable manner. The principles stated in the two (2) preceding sentences with respect to sales also apply as may be appropriate to other types of disposition . . . ."

Substantial compliance with the provisions of the Uniform Commercial Code gives rise to a conclusive presumption that the sale was conducted in a commercially reasonable manner; however, the reverse is not necessarily true. Failure to sell in a "recognized market" does not necessarily render the sale commercially unreasonable as a matter of law. Rather, if the Code criteria are not satisfied, the issue of commercial reasonableness becomes one of fact. *See ITT-Industrial Credit Co. v. Milo Concrete Co., Inc.,* 31 N.C.App. 450, 229 S.E.2d 814 (1976); *C.I.T. Corp. v. Lee Pontiac Inc.,* 513 F.2d 207 (9th Cir.1975) (applying Idaho law).

Thus, whether the sale here was commercially reasonable was a question of fact. The record in this case is extensive and the evidence higly conflicting. The Baymans contend that the beefalo cattle could have been sold for a higher price if another method of sale had been used. However, the value set forth by Edward Bayman in the bankruptcy proceeding is in accord with the values obtained at the sale. Mr. Bay-

man later contended he had undervalued the property in bankruptcy, but the weight to be given this contention was for the trial court to determine. The record also contains Mr. Bayman's testimony concerning the price he had previously obtained for beefalo cattle; that he had organized *one* public sale with advertising in Spokane; that he had sold his other beefalo cattle directly from his ranch; and that the Pacific Northwest is the worst place to raise and sell beefalo cattle. He also testified that a higher price could have been obtained if Mr. Tippett had sold them as "beefalo cattle" with registration papers. However, on the last point, there was evidence that Mr. Bayman had possession of the registration papers and had refused to turn them over to the Tippetts. The record further reflects that the beefalo were sold at public sale.

■ The trial court did find that in selling the collateral the Tippetts failed to give the Baymans notice of its intended disposition as required in either I.C. §§ 28–9–504 or 28–9–505. Because of this failure the judge determined that the Baymans had the right to redeem all collateral not disposed of and to be paid for the "full total" of the collateral that was not returned or credited to the Baymans. We conclude that what the district judge did in this instance was in accord with the remedial provisions of I.C. § 28–9–507, and the Baymans have not shown that their actual loss was any greater than the amount the judge found due in damages.

■ Findings of fact by a trial judge are binding on appeal, unless clearly erroneous. I.R.C.P. 52(a). This rule is supplemented by the familiar proposition that findings which are supported by substantial and competent, though conflicting, evidence will not be disturbed on appeal. *Ellis v. Northwest Fruit & Produce,* 103 Idaho 821, 654 P.2d 914 (1982). As noted, the record in this case is extensive and the evidence highly conflicting. Reviewing the record, we cannot say that the trial judge clearly erred.

■ We have also reviewed the trial court's finding as to the loss or destruction of hay by the Tippetts. The evidence on this question need not be set forth at length. It is sufficient to state that the record, although conflicting, supports the judge's determination; and his disposition of the hay accounting question will not be disturbed.

■ The Baymans also contend that the trial court erred in failing to find that Mr. Tippett had committed a battery upon Earle Bayman. However, the trial court's actual decision was not based upon a finding that no battery occurred; rather, it was based upon a finding that no damages had been proven. The incident in question occurred while certain collateral was being returned to the Baymans. Mr. Tippett apparently grabbed a piece of paper from Edward Bayman and Earle Bayman told Mr. Tippett to calm down. Mr. Tippett replied, "You calm down," and poked Earle Bayman in the chest, which resulted in Mr. Bayman being knocked back a couple of steps. It is our conclusion from examination of the record that the court's finding of no damages was fully sustained by the record. The determination of the amount of damages is within the province of the trial court, and will not be disturbed.

■ The Baymans also contend that the trial court erred in failing to award them attorney fees. The trial court found the action was not frivolously brought or defended, and also stated in its findings of fact and conclusions: "After reviewing the numerous claims, counterclaims and issues, the court finds that *each party has prevailed in part* ...." [Emphasis added.] The court declined to award any costs to either party. The court's findings and conclusions are fully sustained by the record. The Baymans contended that the Tippetts had acted in bad faith in defending against the redemption and in causing protracted litigation following the redemption. However, while the Tippetts were at fault in failing to fully account for the collateral in their possession, it does not follow the subsequent litigation was frivolous. The rec-

ord establishes a genuine controversy over the ownership of some of the collateral, the identity of beefalo cattle subject to redemption, the value of the collateral sold before redemption and other related issues.

The Baymans in their counterclaim sought to exercise their right to redemption. They sought an accounting for use, sale and deterioration of the collateral; damages for unlawful sale, use or destruction of the collateral; and for assault and battery. Even though the trial court awarded them recovery on some of the claimed items, they did not recover on all of their claims. The *trial court did not err in* its determination that each party prevailed in part. Pursuant to this determination, neither party was entitled, as a matter of right, to an award of attorney fees under either I.C. § 12–121, as supplemented by I.R.C.P. 54(e)(1), or the provisions of the "lease" agreement which provided for attorney fees to the prevailing party in case of action by either party. Rather the question whether to make an award to a partially prevailing party was committed to the trial court's sound discretion. I.R.C.P. 54(d)(1)(B). We find no abuse of that discretion in the court's decision declining to award fees in this case.

We have examined other issues raised by the Baymans, and have found no error. The judgment of the district court is affirmed. No costs or attorney fees allowed on appeal.

SWANSTROM and BURNETT, JJ., concur.