722 P.2d 494

**Bill L. SHERRY, Plaintiff-Appellant,**

v.

**Sharon SHERRY,**
**Defendant-Respondent.**

No. 16153.

Court of Appeals of Idaho.

June 30, 1986.

John M. Ohman, of Cox and Ohman, Idaho Falls, for plaintiff-appellant.

Roger B. Wright, of Wright, McNamara, Homer & Davis, Idaho Falls, for defendant-respondent.

SWANSTROM, Judge.

This is an appeal by the husband in a divorce action seeking review of the distribution of property made by the district court. This action has been the subject of a previous appeal before this Court, herein termed *Sherry I.*[1] That appeal resulted in a remand to the district court for entry of factual determinations regarding whether the sale by the husband, prior to the divorce proceedings, of stock in a close corporation to the parties' son was a violation of the husband's fiduciary duty and should be disregarded for property distribution purposes. On remand, the district court made additional findings of fact based on the original record and reaffirmed the judgment compensating the wife for the com-

---

1. *Sherry v. Sherry,* 108 Idaho 645, 701 P.2d 265      (Ct.App.1985).

munity's interest in the corporation. The husband appeals this decision contending that the district court erred by failing to conduct a supplemental hearing prior to making additional findings of fact. He also contends that the record does not contain sufficient facts to support a finding that the husband violated his fiduciary duty to his wife by selling the community corporate stock. For the following reasons, we affirm in part, reverse in part, and remand.

In the previous appeal before this Court, we noted that:

the district court made no factual findings regarding the sale of the stock. Thus, we are faced with a bare conclusion that the sale should be disregarded for property distribution purposes. Nor does the record yield an *obvious* answer to the factual question. The record does not *clearly* indicate that the sale of stock was intended to prevent distribution of the shares in the divorce proceeding or that the value received for the stock was grossly inadequate. The little evidence presented regarding the stock's value was *disputed.* Because there are no findings of fact to support the court's conclusion, we must vacate the decision to disregard the sale of Rocky Mountain stock and remand for entry of factual determinations. *See Donndelinger v. Donndelinger,* 107 Idaho 431, 690 P.2d 366 (Ct.App.1984). [Emphasis added.]

*Sherry I,* 108 Idaho at 648–49, 701 P.2d at 268–69.

■ The husband has misconstrued our directive in the previous appeal. Contrary to his assertions, this Court did not determine that the record was devoid of evidence which would support a conclusion that the husband violated his fiduciary duty to his wife by selling the stock. Rather, we noted the absence of findings of fact regarding the sale of the stock and found that the record did not reveal an "obvious" answer to whether the stock sale should be disregarded for property distribution purposes. The procedure to be followed when an appellate court reviews a case in which findings of fact are lacking has been noted in *Pope v. Intermountain Gas Co.,* 103 Idaho 217, 646 P.2d 988 (1982). In *Pope,* the Idaho Supreme Court said:

The absence of findings and conclusions may be disregarded by the appellate court *only* where the record is clear, and yields an obvious answer to the relevant question. [Citations omitted.] Absent such circumstances, the failure of the trial court to make findings of fact and conclusions of law concerning the material issues arising from the pleadings, upon which proof is offered, will necessitate a reversal of the judgment and a remand for additional findings and conclusions, .... [Emphasis original.]

103 Idaho at 225, 646 P.2d at 996. Failure to make findings of fact on material issues affecting the judgment requires the judgment to be vacated and the case remanded. *Donndelinger v. Donndelinger,* 107 Idaho 431, 690 P.2d 366 (Ct.App.1984).

■ When the record on appeal does not yield an obvious answer to the relevant factual question, the appellate court may not properly make those findings of fact. The rationale supporting an order to remand to the district court in such a situation is that it is improper for an appellate court to substitute its judgment for that of a trial court. It is the trial court's province to weigh conflicting evidence. *Price v. Aztec Limited, Inc.,* 108 Idaho 674, 701 P.2d 294 (Ct.App.1985).

■ In the present case, the trial court properly interpreted our intention in remanding the case for additional findings of fact. It is in a trial court's discretion to determine whether the existing record is sufficient, or should be supplemented, in order to make the required findings of fact and conclusions of law on remand. *See S-Creek Ranch, Inc., v. Monier & Company,* 518 P.2d 930 (Wyo.1974). *Accord Lovely v. Burroughs Corp.,* 169 Mont. 454, 548 P.2d 610 (1976).

The question concerning whether the trial court abused its discretion by not conducting an additional hearing is closely connected to the husband's assertion that the

record does not support a finding of fact that he violated his fiduciary duty to the wife by selling the corporate stocks to his son for $1,000 prior to the divorce proceeding. A trial court's findings of fact will not be reversed on appeal unless they are clearly erroneous. I.R.C.P. 52(a). Findings supported by substantial evidence cannot be deemed clearly erroneous and, therefore, will not be overturned on appeal. *De-Baca v. McAffee*, 109 Idaho 800, 711 P.2d 1320 (Ct.App.1985).

The relationship between husband and wife imposes an attendant fiduciary duty until termination of the marriage. *Compton v. Compton*, 101 Idaho 328, 612 P.2d 1175 (1980). The record presents evidence, although disputed, that the husband sold the stock to the parties' son without the knowledge or consent of the wife for inadequate consideration. Further, there was evidence, again disputed, that the husband provided his son with the funds to purchase the stock. It can be inferred that the sale was designed to remove the stock as an asset to be distributed in the subsequent divorce action. The trial court's findings of fact will not be disturbed on appeal as they are not clearly erroneous. We hold that it was not an abuse of discretion for the trial court to proceed to make additional findings of fact without receiving further evidence.

In *Sherry I* we also said that if the facts to be found by the trial court

> justify a conclusion that the stock sale should be set aside, Mrs. Sherry is entitled to an award of her share of the community interest in the Rocky Mountain stock. *Absent a finding that the corporate status of the business should be disregarded, she is not entitled to an award of corporate assets.* [Emphasis added.]

*Id.*, 108 Idaho at 649, 701 P.2d at 269. This last sentence was in reference to a provision made by the trial court awarding to each spouse a one-half interest in fifty-one percent of the corporation's accounts receivable. The accounts receivable were held to be community property, but no val-

ue was stated for this "asset." The court then directed that because the husband had wrongfully transferred the community's interest in the corporation—that is fifty-one percent of its stock having a value of $17,-750—the transfer would be disregarded for purposes of the division of community assets, and the husband would be deemed to have received this asset in the distribution. The value of the accounts receivable was excluded in valuing the corporation. After division of the various community assets and liabilities the court determined that a cash payment of $25,540 from the husband to the wife was needed to equalize the distribution of community property. Accordingly, the court ordered that the husband pay this amount to the wife within one year *from the husband's one-half of fifty-one percent of the corporation's accounts receivable.*

In our opinion in *Sherry I*, we intended to make it clear that even if the trial court, on remand, again concluded that whatever interest the community had in Rocky Mountain at the time of the divorce decree should be awarded to the husband, and that the husband should be treated as receiving an asset worth $17,750, nonetheless, it was not proper to award the corporation's accounts receivable to either spouse. Those accounts belong to the corporation. It follows that the court could not order that payment be made to the wife from this source.

Our directions concerning the award of the accounts receivable may have been misunderstood. The trial court's findings of fact, conclusions of law and judgment dealing with the accounts receivable have not been modified since the remand. The status of the present record will not allow the corporate entity of Rocky Mountain to be ignored. The corporation was not a party to this action. It appears to be a separate legal entity whose corporate assets cannot be appropriated for either spouse. The trial judge should amend the judgment to eliminate the award of the accounts receivable to the spouses.

Of course, in lieu of treating the corporation's accounts receivable as a separate *community* asset, the court could redetermine the value of the corporation, taking into account its receivables. The community's fifty-one percent of the corporate stock could be re-evaluated for purposes of distribution of community assets. The husband can be required to make a cash payment to the wife within a set period of time and the wife may be given a lien against property distributed to the husband to secure the payment. There may be other methods of avoiding the problem which we perceive in the present judgment. The parties would do well to stipulate to the method and to the amount, if they can. If they cannot, the trial court is directed to take whatever additional steps may be necessary to resolve the problem, including, in the judge's discretion, taking additional evidence. The court's present findings of fact, conclusions of law and judgment should then be amended accordingly.

We also note that a clerical error is present in the trial court's findings of fact. The trial court's "order on remand" states that 340 shares of stock were sold to the parties' son. However, witnesses at trial, including the husband, testified that all 510 shares of the couple's stock were sold to the son. The record should be corrected accordingly.

Both parties request attorney fees on appeal. Under I.C. § 12–121 such an award of attorney fees by an appellate court is proper only if the court is left with an "abiding belief that the appeal was brought ... frivolously, unreasonably, or without foundation." *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). We decline to make such a finding in this case.

The "order on remand" is affirmed in part. The holding "that the community property division ... is not subject to change" is reversed because the judgment is to be modified in accordance with this opinion. Costs to respondent, Sharon Sherry. No attorney fees awarded.

WALTERS, C.J., and BURNETT, J., concur.