744 P.2d 131

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Geraldine SENSENIG,**
**Defendant-Appellant.**

**No. 16698.**

Court of Appeals of Idaho.

Oct. 1, 1987.

John M. Adams, Deputy Ada County Public Defender, Boise, for appellant.

Jim Jones, Atty. Gen.; David R. Minert, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

Geraldine Sensenig appeals from an order of the district court denying her motion for return of money seized from her and her husband at the time of their arrest for a robbery. We affirm.

This case has the following background. On June 3, 1980, Wayne Sensenig was arrested for his participation in the robbery of a business in Boise. The next day, June 4, Mrs. Sensenig was arrested for her involvement in that same robbery. The money taken in the Boise robbery was recovered immediately after that robbery had occurred. Additionally, a large sum of money in the Sensenigs' possession when they were arrested was seized as evidence. Mrs. Sensenig was subsequently convicted of conspiracy to commit the robbery. In 1986, Mrs. Sensenig filed a motion for return of the money. Following a hearing before the district judge who had presided

over the conspiracy trial, the district court denied Mrs. Sensenig's motion.

■ At the motion hearing, Mrs. Sensenig testified that the money in her possession when she was arrested had been won by her husband while gambling in Las Vegas. She asserts that this testimony was unrefuted by any competent evidence presented by the state to the contrary. Based on that position she contends the district court erred in refusing to grant her motion for return of the money.[1]

■ At the motion hearing, the state presented the testimony of the manager of a business in Twin Falls which had been robbed on May 25, 1980, a few days before the Boise robbery. The manager presented a detailed accounting of the money taken during that robbery.[2] The amount calculated was slightly more than the amount found in the Sensenigs' possession at the time of their arrest. This testimony was offered to rebut Mrs. Sensenig's account of how she and her husband came to be in possession of the money seized from them.

In ruling on Mrs. Sensenig's motion, the judge also took into account the evidence he had heard during her conspiracy trial. At the conspiracy trial, testimony was introduced to show that immediately prior to the Twin Falls robbery, and another robbery in Pocatello a few days before the Twin Falls robbery, the Sensenigs were without funds. After the robberies, they had funds. Also, there was testimony given by a juvenile participant in the Twin Falls and Pocatello robberies, showing the Sensenigs' involvement in those incidents. This testimony was submitted to support the state's charge of conspiracy to commit the robbery in Boise, for which Mrs. Sensenig ultimately was found guilty.

The district court entered findings of fact and conclusions of law, in deciding Mrs. Sensenig's motion for return of the money. The district court found that the Sensenigs had obtained the money from no source other than a robbery. He evidently disbelieved Mrs. Sensenig's testimony. His findings were based upon observation of all of the witnesses who testified during the hearing on Mrs. Sensenig's motion.

Our review on this appeal is controlled by I.R.C.P. 52(a). That rule states, in pertinent part:

> Findings of fact shall not be set aside unless clearly erroneous. In the application of this principle regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appear personally before it.

We are precluded from substituting our opinion of witnesses' credibility for that of the trier of fact. *Price v. Aztec Ltd.,* 108 Idaho 674, 701 P.2d 294 (Ct.App.1985), *citing Erhardt v. Leonard,* 104 Idaho 197, 657 P.2d 494 (Ct.App.1983). Where evidence is conflicting, the task of weighing such evidence falls within the province of the trial court. *Price, supra, citing Rasmussen v. Martin,* 104 Idaho 401, 659 P.2d 155 (Ct.App.1983).

The findings of the district court in this case are supported by substantial and competent, though conflicting, evidence. Those findings are not clearly erroneous and will not be disturbed on appeal. *Rasmussen v. Martin, supra.* We hold that Mrs. Sensenig has failed to demonstrate

1. Mrs. Sensenig also complains that the state filed no countermotion to return the disputed money to any other party. We believe this contention is spurious. The state was entitled to appear in opposition to Mrs. Sensenig's motion, and to offer evidence against it, without filing a countermotion. Mrs. Sensenig's motion did not present, and the district court did not decide, any issue other than *her* entitlement to the money.

2. During oral argument on appeal in this case, counsel for Mrs. Sensenig suggested that the manager's accounting was based on hearsay and lacked foundation for its admission as an exhibit. Our review of the record shows that no objection either to the manager's testimony or to the accounting exhibit was ever asserted on the grounds of hearsay. Therefore that evidentiary question was not preserved as an issue for review on appeal. We note that an objection on the ground of lack of foundation was made but overruled. That ruling was not specified as an issue for review on appeal in the appellant's brief, as required by I.A.R. 35(a)(4). For those reasons we will not decide the merits of these evidentiary questions.

error by the district court. The order denying Mrs. Sensenig's motion to return the seized money to her is affirmed.

BURNETT and SWANSTROM, JJ., concur.