804 P.2d 1352

**CITY OF LEWISTON, a municipal corporation of the State of Idaho, Plaintiff–Respondent,**

v.

**Robert R. BERGAMO and Elizabeth A. Bergamo, husband and wife, Defendants–Appellants.**

**No. 17970.**

Court of Appeals of Idaho.

Sept. 10, 1990.

Rehearing Denied Dec. 31, 1990.

Petition for Review Denied
Feb. 27, 1991.

Danny J. Radkovich, Lewiston, for defendants-appellants.

Don L. Roberts, Lewiston, for plaintiff-respondent.

WINMILL, Judge Pro Tem.

This is an appeal from a decision of the district court concerning the validity and effect of the City of Lewiston's annexation and zoning of previously unincorporated lands owned by the defendants, Robert and Elizabeth Bergamo. Specifically, the Bergamos challenge a decision of the district

court upholding the validity of the ordinance by which the City annexed their property. The Bergamos also argue that the district court erred in concluding that a municipality is not a "person" for purposes of 42 U.S.C. § 1983 and dismissing their claim for damages under that statute. Finally, the Bergamos question the district court's determination that the Bergamos' automobile repair business was not a preexisting use exempt from regulation under the City's zoning ordinance. For the reasons stated below, we affirm the district court's decision that the annexation ordinance was properly adopted and that the repair shop was subject to the City's zoning ordinance. However, we reverse that portion of the district court's decision which dismissed the Bergamos' claims under 42 U.S.C. § 1983. We remand this case to the district court for further proceedings consistent with this opinion.

The essential facts of this case are as follows. In November, 1987, the City of Lewiston began proceedings to annex a ten-acre parcel owned by the Bergamos. In reliance on the language of I.C. § 67–6525, the City followed the notice and hearing requirements set forth in I.C. § 67–6509. This included one public hearing before the planning and zoning commission with notice thereof published at least fifteen days prior to the hearing. The required hearing was scheduled for December 9, 1987, and notice of the meeting was published in the Lewiston Morning Tribune on November 24, 1987.

Following the public hearing, the planning and zoning commission approved annexation of the Bergamo tract and recommended that the property be initially zoned R–1, low density residential. The city council held a hearing on the annexation and zoning issue on January 4, 1988. Notice of this hearing was published on December 19, 1987, and was also mailed to landowners within 300 feet of the affected property, including the Bergamos, on December 21, 1987. Notice of the January 4 meeting was not posted on the affected property. The published and mailed notices described the property to be annexed by a general description of its location, but did not contain a precise legal description of the parcel. In any event, the Bergamos and their attorney attended the January 4 meeting of the city council and expressed their objections to the proposed annexation and zoning of the property. On January 12, 1988, the Lewiston City Council passed ordinance No. 3909, annexing the Bergamos' property and zoning it, in accordance with the recommendation of the planning and zoning commission, as R–1, low density residential.

The Bergamos had, prior to annexation, undertaken the development of a mobile-home park on their property. Plans had been drawn for a twenty-two unit park and those plans were approved by appropriate county agencies in early 1987. The first stages of the development were complete and several mobile-home spaces were ready to rent prior to the annexation proceeding.

The Bergamos also made plans to begin an automobile repair shop and auto salvage yard on the property. Mr. Bergamo had operated a repair shop in Oregon, had sold the business, but had recently been forced to take the business back upon the default of the purchaser. He made plans to move the equipment to Lewiston and set up a similar business on the parcel in question here. He apparently intended to operate the auto salvage yard in conjunction with his repair business.

The City of Lewiston filed a complaint in district court seeking injunctive relief from the Bergamos' operation and development of an automotive repair shop and auto wrecking business on the annexed parcel and any further development of the mobile-home park not in compliance with the City's zoning ordinance. In response, the Bergamos filed a counterclaim seeking declaratory judgment that the auto businesses and mobile-home park predated the annexation. The Bergamos further claimed that the City's conduct violated their constitutional rights and that they were entitled

to damages under 42 U.S.C. § 1983. They also sought an order declaring Lewiston City Ordinance No. 3909 null and void, because of the City's failure to follow statutorily-mandated hearing and notice procedures.

On the parties' opposing motions for summary judgment, the district court rejected the Bergamos' argument that the hearing and notice procedures followed by the City were inadequate and upheld the validity of the Ordinance No. 3909. Following trial, the court held that the mobile-home facility had been "grandfathered," predating the City's annexation, and therefore could be completed and operated. The court awarded damages for lost rent in the sum of $10,625.00. However, the court further held that the auto businesses did not predate the annexation and were non-conforming uses of the property and thus prohibited. The court also held that the City was not subject to liability under 42 U.S.C. § 1983 because it did not constitute a "person" under the terms of the statute. This appeal by the Bergamos followed.

The following issues have been raised in the Bergamos' appeal. First, the Bergamos contend that the district court erred in granting summary judgment to the City regarding the procedure used in the annexation. Second, they contend that the court improperly rejected their claims under 42 U.S.C. § 1983. Finally, they argue that the court erred in not finding that the operation of the automobile repair shop was a preexisting, nonconforming use and therefore should continue. Each of these issues will be considered in turn.

## I

■ We first address the Bergamos' contention that the trial court erred in granting summary judgment to the City on their claim that the City failed to comply with statutory notice and hearing requirements in adopting the annexation ordinance and establishing a zoning classification for their property. Although raised in the context of a motion for summary judgment, the question of whether the trial court properly construed the statutory notice and hearing requirements is a question of law which we review freely. *Aldape v. Akins,* 105 Idaho 254, 668 P.2d 130 (Ct.App.1983) (review denied).

The Bergamos concede that the City complied with the notice and hearing requirements applicable to annexation proceedings as stated in I.C. § 67-6509. However, they claim that since Ordinance No. 3909 provides for both the annexation and zoning of their property, the City should have also followed the additional notice provisions for a zoning district boundary change set forth in I.C. § 67-6511(b). These additional requirements include the mailing of notice to the owners of property located within 300 feet of the affected property and the posting of notice on the property itself.[1] The Bergamos argue that the City's failure to comply with these additional requirements invalidates Ordinance No. 3909. We disagree.

The Bergamos' contention ignores the specific language of I.C. § 67-6525. The statute provides that, as part of the annexation of an unincorporated area, the city council of the annexing municipality shall amend the plan and zoning ordinance to account for the newly incorporated area. The statute requires further that in making these changes in the planning and zoning ordinance, the planning and zoning commission and the city council shall follow the notice and hearing procedures outlined in

---

1. The record indicates that notice of the January 4 hearing before the city council was sent to all property owners within 300 feet of the affected property on December 21. The Bergamos argue that although the statute does not impose a specific time for the mailing of notice, a reasonable interpretation of the statute suggests that the same fifteen-day period for publication should be applied. Thus, the Bergamos argue that the notice was not timely. However, it is unnecessary to consider this interpretation of the statute in view of our holding that these additional notice requirements were not applicable in the annexation proceeding at issue here.

I.C. § 67–6509. By specifically prescribing the hearing and notice requirements to be followed in the annexation *and* zoning of newly incorporated areas, the legislature has clearly expressed its intention that the notice and hearing provisions of I.C. § 67–6511 for zoning district boundary changes are inapplicable to annexation proceedings. For this reason, we hold that the trial court correctly construed the statute in granting summary judgment to the City.

■ The Bergamos also argue that although Ordinance No. 3909, as enacted, contained a proper legal description, the notices of hearing described the property by general and not by legal description. They rely on I.C. § 50–222, which requires that an annexation ordinance contain a proper legal description. However, the statute is silent as to what type of property description must be included in the notice of hearing. The Bergamos' reliance on I.C. § 50–222 is misplaced. We conclude that the statutory notice requirements are satisfied if the notice fairly and accurately describes the real property in question.[2] The statute cannot be read to require more. We therefore hold that the trial court properly interpreted the statute. We affirm the trial court's decision granting summary judgment as to the validity of the City's annexation ordinance.

## II

■ We next turn to the Bergamos' contention that the trial court erred in failing to rule on the merits of their counterclaim asserted under 42 U.S.C. § 1983. As previously noted, the trial court did not reach the merits of their damage claim because the court concluded that the City of Lewiston was not a "person" within the meaning of § 1983. Since the trial court's determination involved solely a question of law, we exercise free review.

The trial court relied on the United States Supreme Court's decisions in *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) and *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973), as authority for its holding. However, *Monroe* and, by implication, *City of Kenosha* were overruled by the Supreme Court's decision in *Monell v. New York City Dept. of Soc. Ser.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Subsequent opinions, including *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980) and *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986), have followed the *Monell* holding. *See also Anderson v. City of Pocatello*, 112 Idaho 176, 731 P.2d 171 (1986). Therefore the trial court's determination must be reversed and the case remanded to the trial court for consideration of the Bergamos' damage claim under 42 U.S.C. § 1983. Because the Bergamos had a full opportunity to present all evidence supporting their § 1983 claim during the trial in the proceedings below, the district court may either make its determination based on the evidence presented or order a new trial on this limited issue. *See e.g., State ex rel. Rooney v. One 1977 Subaru*, 114 Idaho 43, 753 P.2d 254 (1988); and *Sherry v. Sherry*, 111 Idaho 185, 722 P.2d 494 (Ct.App.1986).

## III

■ Finally, we examine the trial court's determination that the Bergamos' automotive repair business was not a preexisting nonconforming use and was therefore subject to the City's zoning ordinance. As to the trial court's findings of fact, our review is limited to whether those findings were supported by substantial, albeit conflicting, evidence. *Pointner v. Johnson*, 107 Idaho 1014, 695 P.2d 399 (1985); *Knowlton v. Mudd*, 116 Idaho 262, 775 P.2d 154 (Ct.App. 1989). If the record discloses substantial evidence to support the trial court's deter-

---

**2.** We note that in most contexts a general description of real property will provide the public with a better understanding of the location of the affected property, than will a metes and bounds or other legal description. This pro-

vides a further reason for not accepting the Bergamos' argument that the statute should be construed to require that all public notices must contain the legal description of the property in question.

mination, that finding will not be disturbed on appeal. In reviewing the trial court's application of law to the facts found, we freely review any statements of law and consider whether appropriate criteria were applied and whether the result is one that logically follows. *Avondale on Hayden, Inc. v. Hall,* 104 Idaho 321, 658 P.2d 992 (Ct.App.1983).

The Bergamos argue on appeal that the trial court, in rejecting the claim that the repair shop constituted a preexisting nonconforming use, failed to apply the proper legal standard stated by the Supreme Court in *Boise City v. Blaser,* 98 Idaho 789, 572 P.2d 892 (1977). The Bergamos contend that the trial court focused on the question of whether the repair shop was in operation before the date of annexation, while the correct standard for a preexisting nonconforming use is contained in the following language from the *Boise City v. Blaser* decision:

> [W]hile a landowner who merely obtains a building permit is not protected against a future zoning change, he will be protected if, in reliance on the permit or on the existing zoning, he has made substantial expenditures or otherwise committed himself, to his substantial disadvantage, before the zoning is changed.

98 Idaho at 791, 572 P.2d at 894, *citing* Annot., 49 A.L.R.3d 13, 20 (1973).

The difficulty with the Bergamos' argument is that the above language from *Boise City* was quoted by the trial court in its decision, and was referred to as the standard governing each of the "grandfathered rights" claimed by the Bergamos. Accordingly, we conclude that the trial court applied the proper legal standard to the facts before it.

Our review of the trial record indicates that virtually all of the Bergamos' expenses relating to the repair shop were incurred after annexation. The record also reveals that little, if any, repair work was done at the shop until after January 12, 1988. The evidence at trial also indicated that Mr. Bergamo made statements to his neighbors that he did not perceive his repair shop as being a preexisting nonconforming use. We therefore conclude that

there was substantial competent evidence from which the trial court could find that the Bergamos had not begun operating the repair shop prior to annexation and that they had not made substantial expenditures or committed themselves, to their substantial disadvantage, in reliance on the preexisting zoning of their land. Although the Bergamos point to conflicting evidence in the record, it is not our task to re-weigh the evidence or to evaluate the credibility of witnesses. The trial court was in an inherently better position to consider the evidence and determine whether, and to what extent, the Bergamos detrimentally relied upon the preexisting zoning of their property. Accordingly, we affirm the trial court's decision that the Bergamos' repair shop does not constitute a preexisting nonconforming use under the City's zoning ordinance.

The case is remanded for further proceedings consistent with the foregoing opinion. Because both parties have prevailed in part, no attorney fees are awarded on appeal. Costs to appellants, Bergamo.

WALTERS, C.J., and SWANSTROM, J., concur.