ELLEN YOUNG, PLAINTIFF IN ERROR, V. MORGAN & GALLAGER, DEFENDANTS IN ERROR.

Promissory Notes: ACTION ON FORGED NOTE: DEFENSE. Y., in 1876, signed a note with C. as surety in favor of M. and G., and was notified in March, 1878, of its non-payment. In June of that year an action was instituted by M. and G. on certain notes claimed to have been forged by C., and judgment recovered against Y. for $360 and costs. Y., supposing the action to be on the genuine note, made no defense. *Held*, on demurrer to the petition for an injunction, it being alleged that M. and G. had knowledge of the forgery, that Y. was entitled to relief.

ERROR to the district court for Platte county.

The action there was brought by plaintiff, Young, to restrain the sale of certain real estate, alleged to be her sole and separate property, which had been levied on by the sheriff of said county by virtue of an execution issued under a judgment recovered by Morgan & Gallagher against one Compton and said plaintiff. The defendants demurred to the petition, which was sustained by POST, J., and a judgment entered against the plaintiff for costs, and dismissing the action.

*Marlow & Munger*, for plaintiff in error.

NOTE.—A court of equity will grant relief against judgments obtained by fraud, surprise, or mistake, or when from any cause manifest injustice has been done. But it must appear that the party seeking the new trial has not been negligent and that he has a defense to the action. *Horn v. Queen*, 4 Neb., 108. S. C., 5 Neb., 472. In an original action in equity to vacate a judgment or decree, if the ground of complaint is not the result of fraud on the part of the plaintiff, or some circumstance beyond the control of the defendant, but is occasioned by the fault, negligence, or want of ordinary diligence on the part of the defendant, he will not be permitted to deny the correctness of the judgment or decree or renew the controversy. *Pope v. Hooper*, 6 Neb., 178.—REP.

The facts alleged in the petition, and admitted to be true, clearly prove it to be against conscience to enforce the payment of the judgment. If this be true the plaintiff is entitled to the relief asked, notwithstanding she failed to defend before judgment. *The Marine Insurance Co. of Alexandria v. Hodgson*, 2 Cranch, U. S., 557. To entitle the plaintiff to be relieved from the payment of the judgment in question, she must have a defense upon the merits. It is admitted that the notes in question are forgeries, never having been signed by her, or by any one authorized to sign the same for her. It is further admitted that she did not owe Morgan & Gallagher the amount of said notes, or any other amount whatever, and never had any dealings with them in any way whatever. Her defense is complete; no recovery can be had against her on the notes.

Now we claim that the plaintiff is entitled to the relief asked without showing any excuse for not making her defense, after service of the summons, and before judgment was entered against her in the county court; the notes in question being forgeries, Morgan & Gallagher did not have a cause of action against her. It would be different if she had signed the notes, and they had been paid, and retained by them, or if she had paid a part of the amount due, but in this case there was nothing due, and never had been from her to them on the notes. In fact she did not owe them a farthing. She had the right to remain away, knowing that she did not owe them a penny. If the presumption was that Morgan & Gallagher would perjure themselves in order to obtain a judgment against her, or that her name would be forged to notes, then the rule would be different. The presumption is the other way, that they would not perjure themselves in order to obtain a judgment against her, and that her name would not be

forged to notes. We admit that she would not be justified in remaining away if Morgan & Gallagher had a cause of action against her, which she might defeat or reduce the amount by making her defense before judgment; in that case she would have to show some special reason why she did not defend before judgment.

*Whitmoyer, Gerrard & Post,* for defendants in error.

Counsel for plaintiff have not cited any precedent for the relief asked. We believe none can be found. That courts of equity will not relieve a party from the consequences of his own negligence is an elementary principle of equity jurisprudence. He who suffers judgment by default, can claim no more from a court of equity than if the judgment had been on the verdict of a jury after a protracted suit. *Pope v. Hooper,* 6 Neb., 178; *Freeman on Judgments,* 330, 385, 502, *et. seq.* The inflexible rule is that a party seeking relief in equity from a judgment at law must show clearly that the judgment complained of is the result of fraud, accident, or mistake, unmixed with fault or negligence of his own. *Shriker v. Field,* 9 Iowa, 366. *Wright v. King,* Har.'s Chancery, 12. *Mack v. Doty,* Id., 366. Graham and Waterman on New Trials, 560. Wells' Res Adjudicata, and Stare Decisis, 495, 496, 498, 499.

While no fraud or deception by the defendants is charged, the petition shows the grossest *laches* by the plaintiff. She is regularly served with summons, June 20th; judgment is rendered July 25th; yet, in the meantime, she takes no steps to defend, nor even ascertain the character or cause of action. The facts known to her were sufficient to have put any sane person on inquiry. She knows she is sued on two notes, while she had signed but one. Instead of procuring counsel, or even examining the petition, which would have

advised her of date and amount of notes (sections 124 and 129 civil code), she does nothing but consult her co-defendant. So, also, she must have been advised of the amount claimed by the indorsement on the summons. Section 64, civil code.

MAXWELL, CH. J.

This is a petition in error to reverse a judgment of the district court of Platte county dismissing the plaintiff's petition.

The petition alleges in substance that on the 2d day of July, 1878, Morgan and Gallagher recovered a judgment in the county court of Platte county against one John G. Compton and the plaintiff, for the sum of $360, upon two promissory notes purporting to have been signed by said Compton and plaintiff; that her signature to said notes was a forgery; that in 1876 she did sign a note as surety with said Compton in favor of the defendants, and that in March prior to the suit she received a notice from them of its non-payment.

The amount of this note is not stated, nor is it distinctly alleged that the plaintiff supposed the suit to be based upon this note, and so failed to make her defense; but this is fairly to be inferred from the petition.

The petition further alleges that said defendants "as she is informed, and believes, and so charges the fact to be, had good reason to believe, and did believe, that said notes were forgeries."

To authorize the interference of a court of equity in such a case, it must appear that it is against conscience to permit the judgment to be enforced, and also that the plaintiff was prevented from making her defense by accident, mistake, surprise, or by fraud of the adverse party, and that she has not been guilty of neglect in not making her defense.

If the allegations of the petition are true, the plaintiff was not indebted to the defendants except upon the note given in 1876, and was not aware that her name had been signed to the note in question. This being the case, it is clearly against conscience to enforce the judgment.

The question of diligence on the part of the plaintiff however, is not so clear. The allegations of the petitioner upon that point are not as definite as could be desired, and had a motion been made in the court below, requiring the plaintiff to state the facts specifically, it should have been sustained. But sufficient appears to show that the plaintiff supposed the suit to be upon the note given in 1876, and having no defense to that note, she failed to appear. This is a mistake of fact from which a court of equity will grant relief in a proper case, more particularly so when it is alleged that the parties prosecuting the suit were aware that the notes sued on were forgeries. The plaintiff had the right to presume that the note with her genuine signature was the one upon which the suit was instituted, and it was not necessary to suppose that the crime of forgery had been committed by affixing her name to notes of which she had no knowledge. The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.