(March 2, 1906.)

HENRY W. LEMAN, Receiver of JAMES M. WANZER and WILLIAM H. CHADWICK, Copartners as WAN-ZER & CO., Appellant, v. RICHARD CUNNINGHAM, Respondent.

[85 Pac. 212.]

FOREIGN JUDGMENT—REVIVOR—STATUTE OF LIMITATIONS.

1. Where W. & Co. obtained a judgment against C. and others, in Nebraska in April, 1895; before any part of said judgment was paid, C. moved to Idaho in 1897, and has continued to so reside until the commencement of this action; C. was in Nebraska in 1905, when service of an order or motion for revivor of said judgment was had upon him; thereafter and on the tenth day of October, 1905, C. appeared in court by attorney when an order of revivor was made in said court: *Held,* that such order of revivor gave new life to the judgment, and the statute of limitations of this state does not begin to run until after such revivor, and that an action may be commenced in the courts of Idaho any time within six years after such order of revivor.

(Syllabus by the court.)

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. George H. Stewart, Judge.

Appellant sought in the lower court to recover on a foreign judgment. Judgment for the defendant. *Reversed.*

Hawley, Puckett and Hawley, for Appellant.

The only question involved is whether section 4051 of the Revised Statutes prevents a recovery in this cause. If it is considered that the revivor of the judgment made by the Nebraska court in 1905 is in effect a judgment, then appellant must prevail.

All statutes in reference to the revivor of judgments supply a method of procedure in lieu of the writ of *scire facias,* and this is notably the case so far as the Nebraska statute is concerned. (*Humister v. Smith,* 21 Cal. 130; *Ames v. Hoy,* 12 Cal. 19; *Cameron v. Young,* 6 How. Pr. (N. Y.) 372.)

The order reviving a judgment is in itself a new judgment and the proceedings leading up to the entry constitute an action. (*Briers v. Traders' Nat. Bank,* 24 Wash. 695, 64 Pac. 831.)

In an action based upon a judgment of revivor in another state, the statute of limitations runs from the date of the revivor, not from the original judgment. (*Fagan v. Bentley,* 32 Ga. 534; *Packer v. Thompson,* 25 Neb. 689, 41 N. W. 650; *Lindsey v. Lyman,* 37 Iowa, 206; *Bullard v. Lopez,* 7 N. Mex. 561, 37 Pac. 1103.)

A new judgment under our statute is a revivor of the old; simply a remedy obtainable by a civil suit, in effect the same as that formerly obtainable by the writ of *scire facias.* (*Haupt v. Burton,* 21 Mont. 572, 69 Am. St. Rep. 698, 55 Pac. 110; *Peters v. Vawtor,* 10 Mont. 209, 55 Pac. 438.)

The revivor is treated by the Nebraska courts as a judgment. (*Dennis v. Omaha Nat. Bank,* 19 Neb. 675, 28 N. W. 512; *In re Bank of Commerce,* 153 Ind. 460, 53 N. E. 954, 55 N. E. 224, 47 L. R. A. 489.)

E. M. Wolfe, for Respondent.

The procedure is a motion for an order of revivor. (See Neb. Stats., p. 6039, sec. 460.)

Both in Nebraska and in Idaho, as well as in all other states, there is a recognized distinction between an order and a judgment. (*Bankers' Life Ins. Co. v. Robbins,* 59 Neb. 173, 80 N. W. 484; *Helper v. Davis,* 32 Neb. 556, 29 Am. St. Rep. 457, 49 N. W. 458, 13 L. R. A. 565.)

The controlling point in all of the decisions is, "'Was a new judgment rendered?'" (*Rice v. Moore,* 48 Kan. 590, 30 Am. St. Rep. 318, 30 Pac. 10, 16 L. R. A. 199; *Owens v. McCloskey,* 161 U. S. 642, 40 L. ed. 837, 16 Sup. Ct. Rep. 693; Black on Judgments, 498.)

In the Montana cases cited by appellant (*Haupt v. Burton,* 21 Mont. 572, 69 Am. St. Rep. 698, 55 Pac. 110; *Peters v. Vawter,* 10 Mont. 209, 55 Pac. 438), the court held that a new action must be brought which would, of course, be the

means of securing a new judgment, and that would be the remedy in this state. A new complaint must be filed and a new judgment must be had.

STOCKSLAGER, C. J.—Appellant, as receiver for J. M. Wanzer & Co., commenced his action in the district court of Ada county against respondent as defendant. It is shown by the complaint that a judgment was rendered against respondent and others and in favor of Wanzer & Company on the twenty-second day of April, 1895, in the district court of Lancaster county, Nebraska, for the sum of $1,782.78, no part of which was paid, and that a judgment of revivor was given in said court on October 10, 1905, personal service of the conditional order of revivor having been made upon defendant Cunningham, he appearing by attorney at the time said judgment of revivor was entered. Defendant answered by general denial and further pleaded the statute of limitations under the provisions of section 4051 of the Revised Statutes. The record contains an agreed statement of facts as follows: "1. It is stipulated that plaintiff is the duly appointed, qualified and acting receiver of the original owners of the judgment and is authorized to bring said action in this court. 2. That in August, 1889, at Lincoln, Nebraska, defendant became surety with others on an undertaking on appeal for one John C. Morrissey for the penal sum of $2,000. 3. That on the twenty-second day of April, 1895, in the district court of Lancaster county, Nebraska, a judgment was rendered in favor of Wanzer & Company and against this defendant and others for the sum of $1,782.78, and costs. 4. That said judgment remained unpaid and unsatisfied of the record, and still so remains, and that said judgment became dormant in said state on April 22, 1900, and that thereafter, on May 26, 1905, a conditional order of revivor was duly and personally served upon defendant Richard Cunningham at Lincoln, Nebraska, where he was remaining a few days on legal business as an attorney in a suit pending in said court, which said conditional order

. . . . is attached hereto, marked exhibit 2, and made a part hereof; and thereafter such proceedings were had in said court that an order of revivor of said dormant judgment was duly and regularly made and entered in said court on October 10, 1905, by which said dormant judgment was duly revived with costs of said revivor proceedings. . . . . 5. That defendant Cunningham was formerly a resident of the state of Nebraska, and left the state of Nebraska and abandoned his residence therein on August 20, 1897, and removed to Silver City in the state of Idaho, of which said state he became a resident and citizen of the state of Idaho, and has not been a resident or citizen of Nebraska since August 20, 1897; and that he has resided continuously at his home in Silver City in the state of Idaho ever since September, 1897. That he never concealed his residence nor departed therefrom except on three or four business trips in which he was not absent from the state of Idaho for more than thirty days in all since August 20, 189—. That he has resided continuously at his said home in Silver City, Idaho, and was there for more than eight years prior to the commencement of this action, and for more than seven and one-half years prior to the service on him of the said conditional order of revivor of said judgment, and prior to the commencement of the said proceedings for the revivor of the said dormant judgment. 6. That no part of said judgment has been paid either before or since the revivor thereof."

It is conceded, as well as apparent from the record, that the only question for us to determine is whether this action is barred by the provisions of section 4051 of our Revised Statutes, 1887. It says: "An action upon a judgment or decree of any court of the United States, or of any state or territory within the United States, must be commenced within six years." The important and controlling question is the effect to be given the order of revivor made by the Nebraska court on October 10, 1905. If it gives the old judgment new life in Nebraska, it has the same effect in this state.. Learned counsel for appellant insist that the

proceedings for the revivor of a dormant judgment in Nebraska has the same effect in that state as a new action to keep a judgment from becoming dormant in this state, whilst able counsel who represents the respondent urges that there is a wide distinction in the two remedies.   He says Idaho provides a remedy for a new judgment, whilst in Nebraska provision is only made for an order of revivor of the old judgment, and that all proceedings after revivor must date back to the original date, hence the order of revivor does not aid the appellant in this action, as the record shows that the judgment which appellant seeks to enforce against respondent is barred by the statute.   In Nebraska the judgment is revived on motion after proper service on the defendant, and after giving him an opportunity to show why such motion should not be granted.   In Idaho the remedy is by new action, proper service, and if no sufficient defense is interposed a new judgment is the result.   Our attention is not called to any provision of the Nebraska statute providing for a new suit to revive or restore to life a dormant judgment, neither have we any provision in our statute providing for revivor of a dormant judgment.   Each state has provided its own way of keeping a judgment alive, but Nebraska has gone further than Idaho in providing a way to restore it to life after it has become dormant.   Our statute is a little harsher and more exacting on the judgment creditor.

I have examined a great many authorities cited in this case, but it seems that the construction given the Nebraska statute by the court of last resort of that state should have much weight in determining this case.   If the order of revivor had the effect of giving new life to the dormant judgment in Nebraska, to such an extent that it might be enforced in that state against the property of respondent if he had any there, then we think it could be enforced against his property in this state, if the action is commenced here within the life of the order of revivor there.   *Packer v. Thompson,* 25 Neb. 689, 41 N. W. 650, discusses a case very similar to

the one at bar. The action was brought in the district court of Gage county on a judgment recovered against the plaintiff in error in the state of Iowa. Thompson secured a judgment against Packer in the district court of Clayton county, Iowa, on the twenty-first day of May, 1866. In October, 1886, service was had on Packer while he was temporarily in the state of Iowa, and thereafter the judgment was revived, all of which is alleged to have been in fraud of his rights. A demurrer was sustained to the answer. Mr. Justice Maxwell, speaking for the court, says: "Does the answer state a defense? We think not. It is admitted that the Iowa court in the year 1886 obtained jurisdiction of the plaintiff in error by personal service. The fact that the judgment revived was recovered in 1866 can make no difference. If the plaintiff in error had remained in this state, no action 'could have been brought here on the 1866 judgment, as it is expressly within our statute of limitations, and would be barred in five years. (Code, sec. 10.) Where, however, the plaintiff in error voluntarily went into the state of Iowa, and service was had upon him there, he must contest his rights in the tribunals of that state, and if a judgment of revivor is obtained against him there, and an action brought on such judgment in this state within five years from the time of its rendition, our statute of limitations will not constitute a defense. Neither can we retry the merits of the case in this state. If the facts as to the fraudulent character of the note and judgment are as the plaintiff in error alleges them to be, he should have brought such facts to the attention of the Iowa court, which no doubt would have protected his rights. So of the statute of limitations. The judgment, being valid where rendered, is valid here, and the demurrer was properly sustained."

In the case of *Horbach v. Smiley*, 54 Neb. 217, 74 N. W. 623, Justice Noral, in discussing the priority of judgment liens on real estate, says: "It is true some of the judgments embraced in this class became dormant and, for a time, ceased to be liens upon the premises. (*Flagg v. Flagg*, 39 Neb. 299,

58 N. W. 109.) But these judgments were subsequently revived, which had the effect to reinstate the liens upon the real estate from the date of the order of revivor. (*Eaton v. Hasty,* 6 Neb. 419, 29 Am. Rep. 365; *Cathcart v. Potterfield,* 5 Watts (Pa.), 153; *Norton v. Beaver,* 5 Ohio, 178.)"

In *Brier v. Traders' Nat. Bank of Spokane,* 24 Wash. 695, 64 Pac. 831, Mr. Justice White, of the supreme court of Washington, discussing a judgment of revivor, says: "It is not the mere lien that is revived; it is the judgment itself, and the lien, as an incident of the revived judgment, if a certified copy is filed with the auditor, becomes operative in the same manner as if it was an original judgment. . . . . The very term 'revive' means to restore or bring again to life. When revived, it becomes a new judgment, on which execution may issue as to personal liability, and it continues in existence for five years longer, from the date of the order of revival, and the lien thereof, like the judgment, an incident thereto, is a new creation, and dates from the order of revival."

In *Bank of Commerce v. Willsie,* 153 Ind. 460, 53 N. E. 950, 954, 55 N. E. 224, 47 L. R. A. 489, Mr. Justice Baker, speaking for the court, said: "The primary meaning of 'revive' is to 'give life to again.' If it is a creative act to give life to dead matter once, it is no less a creative act to give life again to the same matter when it becomes dead. In the word 'revive' the syllable 're' indicates the use of old matter, and the syllable 'vive' means 'to give life to,' which is one of the primary meanings of the word create."

Counsel for respondent cites *Bankers' Life Ins. Co. v. Robbins,* 59 Neb. 173, 80 N. W. 484, in support of his theory that appellant only had "an order of revivor and not a judgment in the Nebraska court," and quotes from the opinion in the above case as follows: "The statutory proceedings to revive a dormant judgment is a substitute for the common-law writ of *scire facias.* It is not the commencement of a civil action, but the continuation of an action previously commenced. The object in view is not to obtain a judgment, but to obtain permission of the court to execute a judgment already in

existence.'' He also cites *Helper v. Davis*, 32 Neb. 556, 29 Am. St. Rep. 457, 49 N. W. 458, 13 L. R. A. 565. In this case a judgment was recovered against defendant in January, 1879, in the state of Illinois. Soon thereafter he moved to the state of Nebraska. On the twelfth day of October, 1888, the judgment in Illinois was revived in that state without jurisdiction of the person of the defendant. In December following, this action was brought in the district court of Fillmore county, upon the judgment so alleged to have been revived. The lower court made findings as above indicated, the important one being ''that no personal service of the notice was had of said proceedings upon said defendant who then and now, and for eight years last past has continually been a resident of Fillmore county, Nebraska, and he had no notice or knowledge in any manner of said proceedings. It is, therefore, considered by the court that said cause of action did not accrue within five years next before the commencement of this action, and is, therefore, barred by the statute of limitations.'' The appellate court affirms this judgment, but distinguishes between this case and the Packer-Thompson case, *supra,* and reaffirms the latter case.

In our view of the case under consideration, it matters not what the final action of the district court of Nebraska may be termed—let it be an order reviving an old judgment, or let it be a new judgment, the object and purpose of the order is the same in either case. The effect is to continue in force in Nebraska a judgment against the defendant five years from the date of this order. Our statute would begin to run against the judgment or order of revivor from its date. This is not only true as shown by the decisions of the court of last resort of Nebraska, but a long line of authorities from other states are in harmony with this conclusion. Why should it be otherwise.? Respondent was twice given an opportunity in the courts of Nebraska to defend against this judgment, or the claim upon which it is founded, yet we find a judgment rendered in the first instance and an order of revivor in the second, after respondent had had his day in court to snow

why the judgment should not be revived. When revived it is given new life, and our statute of limitations does not begin to run until after the date of the order of revivor.

The judgment is reversed and cause remanded for further proceedings consistent with the views herein expressed. Costs awarded to appellants.

Ailshie, J., and Sullivan, J., concur.