637 P.2d 1167

**P & R ENTERPRISES, INC., an Alaska Corporation, Plaintiff-Respondent,**

v.

**Jack GUARD, Ruth Guard, and J & R Enterprises, Inc., an Alaska Corporation, Defendants-Appellants.**

No. 13470.

Supreme Court of Idaho.

Nov. 23, 1981.

Lloyd J. Webb of Webb, Burton, Carlson, Pedersen & Paine, Twin Falls, for defendants-appellants.

Donald J. Chisholm of Goodman, Duff & Chisholm, Rupert, for plaintiff-respondent.

Before BAKES, C. J., McFADDEN, DONALDSON and SHEPARD, JJ., and McQUADE, J. Pro Tem.

PER CURIAM:

In 1977 the Superior Court for the State of Alaska entered a judgment in favor of plaintiff respondent P & R Enterprises, Inc., and against appellants Jack and Ruth Guard, in the amount of $164,000, together with costs and attorney fees, based upon a summary judgment for specific performance for the sale of a restaurant and motel. Apparently, a judgment was also entered in favor of plaintiff P & R Enterprises, Inc., and against a third party defendant known as Alaska Laborers Training Trust for possession of the property. On December 23, 1977, the Alaska judgment was filed in Cassia County pursuant to the provisions of I.C. § 10–1302, and subsequently proceedings in Cassia County were conducted to execute against appellants Guards pursuant to the provisions of that act.

The Alaska Laborers Training Fund appealed the decision of the Alaska Superior

---

Court, but the Guards did not. On appeal, the Alaska Supreme Court reversed the Superior Court, stating that the Superior Court erred in granting specific performance to P & R Enterprises, Inc. *Alaska Laborers Training Fund v. P & R Enterprises, Inc.*, 583 P.2d 825 (Alaska 1978). In that proceeding, no mention was made of the money judgment entered by the Superior Court in Alaska against the appellants in this proceeding, Jack and Ruth Guard.

Subsequently, the appellants herein, Jack and Ruth Guard, moved both in the Superior Court in Alaska and in the Idaho Fifth Judicial District Court in and for Cassia County to set aside the judgment against the Guards pursuant to I.R.C.P. 60(b) and the comparable Alaska provision for setting aside judgments. The Superior Court of Alaska denied the 60(b) motion, and thereafter the District Court of the Fifth Judicial District for the State of Idaho denied the motion to set aside the money judgment entered in Idaho pursuant to the Alaska judgment, and denied a motion for reconsideration of its denial of the I.R.C.P. 60(b) motion. After noting that the Superior Court in Alaska had refused to set aside the money judgment against the Guards and that that refusal had been appealed to the Alaska Supreme Court, the Idaho district court held that although the Alaska Supreme Court had reversed the original judgment of the Alaska Superior Court in *Alaska Laborers Training Fund v. P & R Enterprises, Inc.*, 583 P.2d 825 (Alaska 1978): "It is the conclusion of this court that the maintaining of the status quo herein is the best resolution of this matter, pending final disposition on appeal in Alaska . . . ." Appellants Jack and Ruth Guard perfected this appeal from the Idaho district court's refusal to reconsider its order denying their I.R.C.P. 60(b) motion to set aside the Alaska judgment perfected pursuant to the Foreign Judgments Act, I.C. § 10–1302.

While this appeal was pending before this Court, the Alaska Supreme Court issued its opinion in the case of *Guard v. P & R Enterprises, Inc.*, 631 P.2d 1068 (Alaska 1981), of which we take judicial notice, *Roberts v. Hollandsworth*, 101 Idaho 522, 616 P.2d 1058 (1980), and in which the Alaska Supreme Court reversed the order of the Superior Court of Alaska refusing to grant the Guards' Rule 60(b) motion to set aside the Alaska money judgment entered in favor of respondent P & R Enterprises, Inc., and against appellants, the Guards.

Based upon the foregoing record, it is the opinion of this Court that the order of the Fifth Judicial District Court in denying the I.R.C.P. 60(b) motion to set aside the judgment, and the order denying reconsideration of that denial, should be set aside, and the matter remanded to the district court for further proceedings on appellants Guards' I.R.C.P. 60(b) motion to set aside the judgment filed pursuant to the Foreign Judgment Act, I.C. § 10–1302.

Reversed and remanded. Costs to appellant. No attorney fees allowed.