700 P.2d 14

**Verdean D. FULTON,
Plaintiff-Appellant,**

v.

**Loyd D. DURO, Defendant,**

and

**Le Roy and Dolores Samuelson,
Intervenors-Respondents.**

No. 15769.

Supreme Court of Idaho.

April 12, 1985.

---

Eugene A. Ritti of Hawley, Troxell, Ennis & Hawley, Boise, for plaintiff-appellant.

Richard B. Eismann, Homedale, for intervenors-respondents.

BAKES, Justice.

This Court granted a petition to review the decision of the Idaho Court of Appeals filed August 31, 1984. In its decision the Court of Appeals affirmed in part and reversed in part a judgment of the Fourth Judicial District Court. The Court of Appeals concluded "that a vendee's interest in a contract is an interest in real property, within the meaning of I.C. § 10–1110, against which a recorded judgment does impose a lien if the contract has been duly recorded or where, as here, a 'notice' of the contract—containing the names of the contracting parties and the legal description of the property—has been recorded." The Court of Appeals further held that "I.C. § 8–506 provides a mandatory procedure for levying on real property pursuant to a writ of execution as well as a writ of attachment."

After the granting of the petition for review, the parties submitted additional briefing and this Court heard oral argument on the two issues set out above. After reviewing the record and the briefs and argument of the parties, we affirm the decision of the Court of Appeals for the reasons set out in their August 31, 1984, opinion, *Fulton v. Duro*, 107 Idaho 240, 687 P.2d 1367 (Ct.App.1984).

Affirmed. No costs allowed.

DONALDSON, C.J., and SHEPARD, BISTLINE and HUNTLEY, JJ., concur.

BISTLINE, Justice, specially concurring.

Having concurred in the opinion for the Court, I write only to express the caveat that although a recorded lien casts a lien cloud over all of the defendant's real property and interests therein in the county (or counties) where recorded, not only must the plaintiff secure the issuance of a writ of execution specifically designating the legal description of the real property against which he desires the sheriff to proceed, but the writ of execution must also require that the sheriff first proceed against the personal property of the defendant before resorting to any realty. I.C. § 11–102(1). The lien created on the day of filing the judgment for record serves two important functions. One, it gives the judgment creditor security, thus enabling him, when so disposed, to not crowd his judgment debtor for payment. Two, it establishes a priority as of that date against other judgments or other encumbrances recorded subsequently.

Additionally, it must be remembered that the lien against real property which has been thus created is not—as with a materialman's lien—judicially foreclosed all in the same process. Moreover, the judgment debtor is afforded the right, if present at the sale, to "direct the order in which property, real or personal, shall be sold, when such property consists of several known lots or parcels, or of articles which can be sold to advantage separately, and the sheriff must follow such directions." I.C. § 11–304.