776 P.2d 1193

**WESTMARK FEDERAL CREDIT UNION, Plaintiff–Appellant,**

v.

**William F. SMITH and Jeff Mobley, dba Mobley & Smith, Defendants–Respondents,**

and

**Leroy R. Nelson, in his capacity as Sheriff of Bingham County, Idaho, Defendant.**

No. 17685.

Supreme Court of Idaho.

July 12, 1989.

Hansen, Beard, Martin & St. Clair, Ctd., Idaho Falls, for plaintiff-appellant. John G. St. Clair, argued.

Reed W. Larsen, Pocatello, defendants-respondents.

SHEPARD, Justice.*

This is an appeal from a decision of the district court dissolving a previously issued temporary restraining order and preliminary injunction, and concluding that a foreign judgment (Arkansas) was entitled to full faith and credit, and refusing to set

---

* Shepard, Justice, sat and participated fully in the decision and preparation of this opinion prior to his untimely death.

aside an execution sale based on that foreign judgment. We affirm.

Mobley and Smith obtained a judgment against Allan and Diana Nye in the state of Arkansas. No appeal was taken therefrom. The Nyes are not parties to the present action. On June 9, 1986, the Arkansas circuit judge executed an authentication of that Arkansas judgment. On the following day the clerk of the Arkansas circuit court executed an authentication of that Arkansas judgment. The Nyes were the owners of real property located in Bingham County, Idaho. In May 1987, an exemplified copy of that Arkansas judgment was recorded in Bingham County, Idaho. On August 4, 1986, pursuant to I.C. § 10–1303, an affidavit was filed with the magistrate's division of the district court in Bingham County, Idaho, setting for'h the name and address of the judgment debtor and the judgment creditor. A notice of that filing was mailed to the Nyes.

On August 13 of that year the clerk of the court filed in the magistrate court docket of Bingham County the following:

I, the undersigned, clerk of the district court of the seventh judicial district of said state, in aforesaid county, do hereby certify the foregoing to be a true copy of the judgment entered in the above-entitled action, and recorded in Judgment Book 15, of said court, at page 46. And I further certify that the foregoing papers, hereto annexed, constitute the judgment roll in said action. Witness my hand and the seal of said district court this 13th day of August A.D.1986.

On May 11, 1987 the magistrate judge issued a writ of execution against the Nyes and in favor of Mobley and Smith. After requisite notice published for the requisite time period, the real property of the Nyes was sold at public auction to Mobley and Smith. Thereafter the proceedings of the sale were distributed pursuant to the writ of execution, and a certificate of sale was issued July 21, 1987.

It was not until January 14, 1988 that the plaintiff herein, Westmark Federal Credit Union, recorded a judgment against the Nyes in Bingham County, filed the instant action, and obtained an ex parte temporary restraining order prohibiting the sheriff of Bingham County from executing a certificate of sale of the property previously sold on July 15, 1987. The district court thereafter concluded that the Arkansas judgment in favor of Mobley and Smith was entitled to full faith and credit in Idaho, held that the previous execution sale was valid as against Westmark and dissolved the temporary restraining order. Again, we emphasize that the Nyes were not a party to the action below, and are not parties on this appeal.

Mobley and Smith, as respondents, contend that Westmark had no interest in the property prior to January 14, 1988, were not parties to the prior action, and since the Nyes as judgment creditors are not a party to the instant action, Westmark has no standing to question any of the proceedings in the prior action between Mobley/Smith and the Nyes. We do not address that standing question.

■ Appellant Westmark first asserts that the judgment of the Arkansas court was not properly authenticated by the Arkansas court personnel. Respondent asserts that there was in fact no error upon the certificates of authentication, and in any event the alleged difference in dates on the certificate of the judge as contrasted with the date on that of the clerk, constitutes merely a clerical error and does not invalidate the underlying Arkansas judgment. We agree.

■ Appellant Westmark also contends that the proceedings to obtain the writ of execution in the instant case were defective, and that there was no levy on the property, and consequently no judgment lien required. We hold that the procedure followed in the instant case was substantially correct, and that any deviation from the statutory procedure did not prejudice any rights of the judgment debtors, the Nyes. We reiterate again that the Nyes are not a party to the instant action, and no assertion is presented that any of their rights were violated by the proceedings. At no time prior to January 14, 1988, inso-

far as demonstrated by the record before us, did Westmark have any interest or position of standing.

I.C. § 10–1110 relates to the filing of "[a] transcript or abstract of any judgment or decree of any court in this state or any court of the United States ..." I.C. § 10–1302 relates to the filing of foreign judgments with the clerk of an Idaho district court, and states in pertinent part:

The clerk shall treat the foreign judgment in the same manner as a judgment of the district court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of the district court of this state and may be enforced or satisfied in like manner.

A foreign judgment may be perfected in Idaho by the filing of a duly authenticated copy of the judgment in the office of the clerk of a court, pursuant to I.C. § 10–1303, together with an affidavit containing the name and address of the judgment debtor and of the judgment creditor, and notice of that filing shall be mailed to the judgment debtor. Thereafter upon recording, that judgment becomes a lien upon real property. Here there appears no question but that the foreign judgment was filed, together with the requisite affidavit, and mailed to the judgment debtor. Thereafter, as here, a writ of execution is issued.

As well stated in the Memorandum Decision of the district judge in the instant case, the magistrate court issued the writ of execution and at that time had before him a copy of the foreign judgment which had been filed in the magistrate court and recorded in the recorder's office, a copy of the requisite affidavit, a copy of the notice to judgment creditors, and a copy of the clerk's certificate indicating the judgment had been recorded.

■ We hold, as did the district judge, that such actions were sufficient compliance, particularly under the circumstances here, where the Nyes are not parties. The general rule is set forth in 30 Am.Jur.2d §§ 613 and 615, that where a collateral attack is made because of a clerical error or because of an irregularity committed by the execution officer, relief against such execution must be sought in the original cause and not by a new and independent proceeding. In this case the court had jurisdiction to issue the writ of execution, and consequently the irregularity, if any, in the writ or its issuance is not sufficient to render it void. Thus, Smith and Mobley obtained a valid lien against the property of the Nyes.

■ Westmark also asserts that the sale of the property should be quashed for failure of the sheriff to "levy" on the property, and in support thereof Westmark cites *Fulton v. Duro,* 107 Idaho 240, 687 P.2d 1367 (Ct.App.1984); *affirmed* 108 Idaho 392, 700 P.2d 14 (1985). In *Fulton* it was held that the statutory requirements must be substantially performed in order to properly levy. We do not disagree. However, we note that the instant facts differ. In that case Fulton was the holder of a judgment against Duro. Duro had assigned his interest to one Samuelson prior to the sheriff's sale of the property. The sheriff had failed to record the writ of execution, and the property was hence sold without a levy. Samuelson successfully moved to vacate the sheriff's sale. The Court of Appeals held that the interest of Samuelson was superior to Fulton's judgment lien, and quashed the sale for failure to levy.

In the instant case Westmark had no interest in the property prior to the sheriff's sale, while Smith and Mobley possessed a recorded judgment which became a lien against the real property. Since Westmark had obtained no judgment lien against the property prior to sale, its interest in any event would be subordinate to that of Smith and Mobley. There is no showing here that any more strict compliance with the statutory scheme would place Westmark in any superior position to that of Smith and Mobley.

The findings, conclusions and decision of the district court are supported by substantial competent evidence, and will not be disturbed on appeal. *Tudor Engineering Co. v. Mouw,* 109 Idaho 573, 709 P.2d 146

(1985); *Tippett v. Bayman,* 105 Idaho 744, 672 P.2d 1074 (Ct.App.1983).

The decision of the district court is affirmed; costs awarded to respondents.

BISTLINE and JOHNSON, JJ., and GRANATA and McDERMOTT, District Judges Pro Tem., concur.