898 P.2d 50

**G & R PETROLEUM, INC.,**
Plaintiff–Appellant,

v.

**Stanley CLEMENTS, an individual,**
Defendant–Respondent.

No. 20765.

Supreme Court of Idaho,
Boise, January 1995 Term.

June 21, 1995.

David Lee Posey, Payette, for appellant.

Burton & Kroll, Weiser, for respondent. Ira T. Burton argued.

TROUT, Justice.

This is an appeal from a memorandum decision and judgment striking a notice of filing of foreign judgment and vacating the Idaho judgment acquired by the filing of that notice in Idaho.

## I.

## BACKGROUND AND PROCEDURAL HISTORY

The facts giving rise to this appeal are undisputed. On December 4, 1981, the appellant, G & R Petroleum, Inc. (G & R), obtained a judgment against the respondent, Stanley Clements, in the state of Oregon. On August 14, 1987, while the Oregon judgment was still viable in that state, G & R filed that judgment in Idaho pursuant to the Uniform Enforcement of Foreign Judgments Act (I.C. §§ 10–1301—10–1308) (the Uniform Act). By so doing, the Oregon judgment became enforceable as an Idaho judgment pursuant to I.C. § 10–1302. On November 25, 1991, the original Oregon judgment was timely renewed in Oregon by G & R pursuant to O.R.S. § 18.360. On April 16, 1993, G & R filed the renewed Oregon judgment in Idaho as a new foreign judgment under the Uniform Act.

Clements objected to the filing of the renewed Oregon judgment in Idaho and moved to vacate the Idaho judgment created by that filing pursuant to I.R.C.P. 60(b). The district court granted Clements' motion for two reasons. It first determined that, under Oregon law, the "renewed judgment" is merely

an extension of the original 1981 judgment. As such, it is not a separate new judgment entitled to full faith and credit. According to the trial court, the original judgment was fully recognized as valid in 1987 and cannot be refiled as a new foreign judgment to avoid the effects of Idaho law. Second, since the 1987 Idaho judgment had expired, the second filing conflicts with another final judgment and, under I.C. § 10–1404(2)(d), is not entitled to recognition.[1]

## II.

## ANALYSIS

■ The Uniform Act provides an expedited procedure for the recognition and enforcement of judgments rendered in sister states. Prior to its enactment, a judgment creditor who wished to enforce a sister state judgment in Idaho was required to maintain an action on that judgment. *See Leman v. Cunningham*, 12 Idaho 135, 85 P. 212 (1906) (involving an action on a foreign judgment brought under the predecessor of I.C. § 5–215). Although this avenue remains available, I.C. § 10–1306, a judgment creditor can now choose to simply file a foreign judgment under the Uniform Act. Once it has been so filed, a foreign judgment becomes enforceable as an Idaho judgment as of the date of filing pursuant to I.C. § 10–1302. *See P & R Enter., Inc. v. Guard*, 102 Idaho 671, 637 P.2d 1167 (1981) (Alaskan judgment filed in Idaho under the Uniform Act gave rise to an Idaho money judgment subject to attack under I.R.C.P. 60(b)).

### A. *Filing of the Original Oregon Judgment*

■ The original judgment obtained by G & R in Oregon became enforceable as an Idaho judgment when it was filed in this state under the Uniform Act in 1987. I.C. § 10–1302. Once properly recorded, that

---

1. The district court's reliance on this provision is misplaced. Although the district court found that this case involves a "foreign money judgment" within the Uniform Foreign Money Judgments Recognition Act (I.C. §§ 10–1401—10–1409), that Act does not seem to include this type of "foreign judgment." As used in the Act, "foreign judgment" means "any judgment of a for-

eign state granting or denying recovery of a sum of money...." I.C. § 10–1401(1) (emphasis added). "Foreign state" is defined as "any governmental unit or country *other than the United States*, or any state, district, commonwealth, territory, or insular possession thereof." I.C. § 10–1401(2) (emphasis added).

judgment became a lien upon real property. I.C. §§ 10–1306A; 10–1110. *See also Westmark Fed. Credit Union v. Smith*, 116 Idaho 474, 476, 776 P.2d 1193, 1195 (1989). Assuming, without deciding, that the Idaho provisions for renewal of a judgment operate in the same manner with a foreign judgment, G & R has nevertheless failed to avail itself of those procedures. The lien created by recording the judgment was allowed to expire;[2] and G & R also failed to initiate an action on that judgment within six years of its filing. I.C. § 5–215. Thus, the Idaho judgment created by the filing of the original Oregon judgment has expired under Idaho law. The sole issue on this appeal is whether the renewed Oregon judgment is entitled to be registered as a new foreign judgment under the Uniform Act.

## B. *Filing of the Renewed Oregon Judgment*

Section 10–1302 of the Idaho Code allows for the filing of a "foreign judgment" in the office of the clerk of any district court of any county of this state. "Foreign judgment" is a term of art under this statute, referring to a judgment of any court which is entitled to full faith and credit in this state. I.C. § 10–1301. In light of these provisions, the analysis under the Uniform Act is coextensive with the analysis under the United States Constitution. In other words, the legislature has allowed for the filing of *only* those judgments under the Uniform Act which the courts of this state are constitutionally required to recognize. (The statute states that a copy of a "foreign judgment" *may* be filed. The clear implication of this language is that a copy of a judgment that does not fit the definition of "foreign judgment" *may not* be filed under the Act.) Accordingly, we must determine whether the renewed Oregon judgment is a judgment which we are required to recognize by the United States Constitution.[3]

■ It is well-established that a forum state is *not constitutionally required to rec-*

ognize and enforce a sister state judgment if enforcement is sought following the expiration of the forum's statute of limitations applicable to judgments. *Watkins v. Conway*, 385 U.S. 188, 87 S.Ct. 357, 17 L.Ed.2d 286 (1966); *M'Elmoyle v. Cohen*, 38 U.S. (13 Pet.) 312, 10 L.Ed. 177 (1839). It follows that, if a judgment is revived in the rendering sister state, a forum state is free to refuse enforcement of the revived judgment if (1) the revival is merely an extension of the original judgment in the rendering state and (2) enforcement of the original judgment is barred by the forum's statutory period for enforcement. Applying this analysis to the facts of this case, it is clear that we are not constitutionally required to enforce the renewed Oregon judgment.

First, the "renewed judgment" which G & R seeks to enforce is merely an extension of the original 1981 Oregon judgment. G & R renewed the original judgment in Oregon pursuant to O.R.S. § 18.360. Oregon courts have held that a "renewed judgment [under § 18.360] is not the product of a new action but is simply an extension of the original proceeding." *Shepard & Morse Lumber Co. v. Clawson*, 259 Or. 154, 486 P.2d 542, 544–45 (1971). Thus, G & R is, in substance, simply attempting to enforce the judgment it originally obtained in Oregon in 1981.

Second, enforcement of the 1981 Oregon judgment is barred by Idaho's statute of limitations. The applicable period of limitations in this case is set forth in I.C. § 5–215. As stated above, a judgment creditor holding a foreign judgment can choose between filing a formal action in Idaho on that judgment, or simply filing it under the Uniform Act. It is logical that the same period of limitations applies to either course of action; that being the six year period contained in I.C. § 5–215. *Accord Alexander Constr. Co. v. Weaver*, 3 Kan.App.2d 298, 594 P.2d 248, 250 (Kan.Ct. App.1979). Although G & R timely filed the 1981 judgment under the Uniform Act in 1987, that filing has expired. In 1993, G & R

---

**2.** I.C. § 10–1111 provides that a judgment lien may be renewed within five years after the judgment is recorded. G & R made no attempt to renew its lien within this period.

**3.** The Full Faith and Credit Clause, U.S. Const. art. 4, § 1, provides that "[f]ull faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state."

**122**

essentially sought to re-file the same 1981 Oregon judgment in Idaho. There is no question that enforcement of that judgment, even though now labeled a "renewed judgment," was sought in this instance well beyond the six year period of limitations.

## III.

## CONCLUSION

 In sum, the "renewed judgment" sought to be filed in 1993 is a mere extension of the 1981 Oregon judgment that was previously fully recognized in this state in 1987. Since the applicable statute of limitations on the enforcement of that judgment has run, we are not required by the federal constitution to accord it full faith and credit.[4] Thus, the renewed judgment was not a "foreign judgment" within the meaning of I.C. § 10–1301, and was not properly filed under the Uniform Act. I.C. § 10–1302. The order of the district court striking the notice of filing of the foreign judgment is therefore affirmed. Costs on appeal to respondent with each party to bear their own attorney fees on appeal.

McDEVITT, C.J., and JOHNSON and SILAK, JJ. and TRANSTRUM, J. Pro Tem., concur.

---

4. A state may not, under the Full Faith and Credit Clause, refuse to enforce a judgment of a sister state on the ground that an action on the original claim was barred by its own statute of limitations at the time the judgment was rendered in the sister state. *Roche v. McDonald*, 275 U.S. 449, 48 S.Ct. 142, 72 L.Ed. 365 (1928). An action on a judgment is a new and separate action on the debt represented by a prior judgment. Accordingly, had G & R brought a new action on the original Oregon judgment in Oregon, instead of simply renewing the original judgment, we would be faced with a different case. Idaho courts could not refuse enforcement of the *new* judgment on the ground that I.C. § 5–215 would have barred a similar action in Idaho. Thus, we would be constitutionally required to recognize the new judgment so long as enforcement was sought within six years. *Id.*