**Charles FAIRBANKS and Rose Marie Fairbanks Appellants,**

v.

**James R. LARGE and Clara Large, Appellees,**

**No. 96–CA–002090–MR.**

Court of Appeals of Kentucky.

Dec. 5, 1997.

David M. Williams, Leitchfield, for Appellants.

Sam C. Potter, Jr., Bowling Green, for Appellees.

Before ABRAMSON, GARDNER, and JOHNSON, JJ.

*OPINION*

JOHNSON, Judge.

Charles and Rose Marie Fairbanks (the Fairbankses) have appealed from the final judgment of the Grayson Circuit Court en-

tered on June 27, 1996, which dismissed their action for the enforcement of two foreign judgments. The circuit court held that the enforcement of the two foreign judgments was barred by the fifteen-year statute of limitations in Kentucky Revised Statutes (KRS) 413.090. We affirm.

The facts in this case are simple and not in dispute. In 1975, the Fairbankses obtained a judgment against the appellee, James R. Large, in Marion County, Florida, in the amount of $32,111.84, plus interest. In 1978, the Fairbankses obtained, by way of assignment, another Florida judgment against James Large and Clara Large (the Larges) entered on May 3, 1976, in the amount of $19,159.55, plus interest. These judgments were not paid or satisfied in any manner by the Larges, and by 1994, with additional interest having accumulated, their indebtedness under the two judgments exceeded $335,000.00.

On October 25, 1994, the Fairbankses filed suit on the judgments in the Grayson Circuit Court in an attempt to obtain the proceeds from the imminent sale of realty in that county by the Larges. On October 26, 1994, the Fairbankses also proceeded under KRS 426.950 et seq., Kentucky's version of the Uniform Enforcement of Foreign Judgments Act (UEFJA), by filing the judgments and an affidavit as required by KRS 426.960. The two actions were consolidated by the trial court.

There is no question that when these proceedings were commenced, both judgments were valid and enforceable in Florida, which has a twenty-year statute of limitations for actions to enforce a domestic judgment. Florida Statutes 95.11(1). The Larges, however, moved to dismiss the actions relying on KRS 413.090, which requires that an "[a]ction upon a judgment or decree of any court of this state or of the United States, or of any state or territory thereof," be commenced within fifteen years "from the date of the last execution thereon."

This case presents the issue of which statute of limitations should apply to an action brought in Kentucky when the limitations period of the state from which the judgment originated has not expired, but our fifteen-year statute of limitations has lapsed. In *Ley v. Simmons*, Ky., 249 S.W.2d 808 (1952), the Court also considered the attempted enforcement of a Florida judgment. Confident that the Full Faith and Credit Clause of our federal constitution[1] would not be offended by the application of our statute of limitations, *Ley* concluded that "in an action brought in this state to enforce a judgment of a court of another state whose statute of limitations is for a longer period than ours, the statute of limitations of this state should govern." *Id.* at 810. *See also Mutual Trust & Deposit Co. v. Boone*, Ky., 267 S.W.2d 751 (1954) (Our statute of limitations applied in an action to enforce a judgment from Indiana, which, like Florida, has a twenty-year limitations period for enforcing a judgment.).

These cases unequivocally mandate the dismissal of the Fairbankses' civil suit to enforce the Florida judgments. However, the Fairbankses urge that KRS 413.090 has no application to their authentication action pursuant to the UEFJA. This legislation was enacted in 1990, several years after the *Ley* and *Boone* cases. Thus, it appears that this case raises as an issue of first impression whether KRS 413.090 is implicated in enforcement proceedings commenced pursuant to KRS 426.950 et seq., or whether the limitations statute presents no impediment to the filing and enforcement under the UEFJA of a judgment which is still valid in the state of rendition. Our research reveals a split among those jurisdictions that have considered the issue. *See* Sara L. Johnson, Annotation, *Validity, Construction, and Application of Uniform Enforcement of Foreign Judgments Act*, 31 A.L.R.4th 706 (1984 & 1997 Supplement).

The following comprises the trial court's thoughtful response to the Fairbankses' argument in this regard:

After examining the statute in question, KRS 426.950 et seq., this Court is of the opinion that the purpose of the act is to give holders of foreign judgments the same

1. United States Constitution, Article 4 § 1.

rights and remedies as the holders of a domestic judgment. Nowhere in KRS 426.950 et seq., is it inferred that a foreign jurisdiction's statute of limitations, where for a longer period of time then [sic] Kentucky's applicable statute of limitations, is to be applied, nor has any Kentucky case-law since the enactment of KRS 426.950 so held.

The Fairbankses rely on *Producers Grain Corporation v. Carroll,* 546 P.2d 285 (Okla. App.1976), which held that the Oklahoma statute providing for a three-year limitation period for an action on a foreign judgment was not applicable to proceedings under the UEFJA as such proceedings were not "civil actions" as contemplated by Oklahoma's statute of limitations. Another case that supports the Fairbankses' argument in this regard is *Wright v. Trust Company Bank,* 219 Ga.App. 551, 466 S.E.2d 74 (1995), which held:

> [T]he Uniform law is expressly made alternative to the right of a judgment creditor to bring an action to enforce a foreign judgment.[2] The uniform law provides a summary procedure for endowing a filed foreign judgment with the same effect as a judgment of the court in which it is filed. It is not a new action but merely picks up where it was left off in the state where rendered.
>
> . . .
>
> Thus, OCGA s 9–3–20 [Georgia's five-year statute of limitations on actions on foreign judgments] is not applicable to filings under the uniform law. Rather, a foreign judgment so filed stands in the same shoes as a judgment of the court in which it is filed.

*Id.,* 466 S.E.2d at 75 (citations omitted). *See also Trubenbach v. Amstadter,* 109 Nev. 297, 849 P.2d 288 (1993) (Six-year statute of limitations to enforce foreign judgment did not commence to run until the filing of a valid judgment which constituted a "new action for the purposes of the statute of limitations."); *Hunter Technology, Inc. v. Scott,* 701 P.2d

645 (Colo.App.1985) (Six-year statute of limitations is "an affirmative defense in a conventional lawsuit brought on a foreign judgment," but is "not applicable to filings under the Uniform Act[.]").

However, we are persuaded by the cases from jurisdictions which apply their own statute of limitations for actions for the enforcement of foreign judgments to proceedings brought under the UEFJA to domesticate a foreign judgment. It is obvious, as these cases explain, that the purpose of the UEFJA is to provide a simpler, more expedient procedure to enforce judgments of our sister states, and not to vest foreign creditors with substantive rights not otherwise available in the forum state. *See G & R Petroleum, Inc. v. Clements,* 127 Idaho 119, 898 P.2d 50, 52 (1995) (The UEFJA "provides an expedited procedure for the recognition and enforcement of [foreign] judgments[.]"); *Alexander Construction Company v. Weaver,* 3 Kan. App.2d 298, 594 P.2d 248, 250 (1979) (The UEFJA "was instituted to provide a more effective and efficient time-saving procedure for the enforcement of judgments obtained in foreign jurisdictions."); *Eschenhagen v. Zika,* 144 Ariz. 213, 696 P.2d 1362, 1367 (1985) (The purpose of enacting the UEFJA was to provide "a speedy and economical method of enforcing foreign judgments so as to prevent the further cost and harassment that would exist if further litigation were required.").

As these cases note, there is nothing in the UEFJA to suggest that it is designed to circumvent the forum state's statute of limitations for enforcing judgments. While the procedure may be easier and less costly to pursue, it is nevertheless an enforcement procedure, the goal of which is identical to a suit to enforce a judgment. "The primary purpose for filing a foreign judgment in Texas is enforcement.... For limitations purposes, there is no logical difference between the two enforcement proceedings." *Lawrence Systems, Inc. v. Superior Feeders, Inc.,* 880 S.W.2d 203, 207–208 (Tex.App. 1994).

---

**2.** Likewise, KRS 426.975 provides: "The right of a judgment creditor to bring an action to enforce his judgment instead of proceeding under KRS 426.950 to 426.975 remains unimpaired." Be-

cause the uniform procedure is much simpler and achieves the same result, we do not know why a judgment creditor would choose the more onerous method of enforcing his judgment.

[R]egardless of whether the judgment creditor utilizes the streamlined procedure of the UEFJA or proceeds with a civil action on the foreign judgment, there may be no inquiry into the merits of the original cause of action, since the only issues under either procedure are the validity and the amount of the judgment.... However essentially dissimilar the two procedures for domesticating the foreign judgment, the effect of the judgments obtained is identical. Thus, there would appear to be no logical basis upon which to impose two different periods of limitations.

*National Union Fire Insurance of Pittsburgh v. Nicholas,* 438 Pa.Super. 98, 651 A.2d 1111, 1116 (1994). "It is logical that the same period of limitations applies to either course of action.... " *G & R Petroleum, Inc., supra,* at 52.

We believe it is significant that when our Legislature enacted the UEFJA, it did not amend KRS 413.090, or provide within the UEFJA that it was not subject to that statute of limitations. After all, "[t]he legislature is presumed to be aware of the law at the time of the enactment of any statute." *Schooler v. Commonwealth,* Ky.App., 628 S.W.2d 885, 886 (1982). Because the Legislature did not provide otherwise in enacting the UEFJA, we believe it intended to make no changes in the time to act on a foreign judgment. Indeed, we believe it would be anomalous for the Legislature to endow foreign judgment creditors with a greater period to collect from debtors in Kentucky than creditors with domestic judgments. Thus, we agree with the Grayson Circuit Court's analysis of the issue and its observations that the Legislature merely intended to make it as easy to enforce foreign judgments as domestic judgments. Accordingly, we hold that an action by a judgment creditor on a foreign judgment, which is valid and enforceable in the state of rendition, is nevertheless subject to Kentucky's fifteen-year statute of limitations. The judgment of the Grayson Circuit Court is affirmed.

All concur.