In re Marie TRANTER, Debtor.

Policemen's and Firefighters' Retirement Fund of the City of Covington, Kentucky, Plaintiff,

v.

Marie Tranter, Defendant.

Bankruptcy No. 99–30172–BKC–SHF.
Adversary No. 99–3098–BKC–SHF–A.

United States Bankruptcy Court,
S.D. Florida.

Feb. 15, 2000.

Norman L. Schroeder, II, P.A., Lake Worth, FL, for Plaintiff.

Marie Tranter, pro se.

***ORDER GRANTING MOTION FOR SUMMARY JUDGMENT***

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS MATTER came on to be heard on November 2, 1999, upon the Plaintiff's Motion For Summary Judgment. The Plaintiff seeks to except from discharge, under 11 U.S.C. § 523(a)(4) (1998), a debt arising from a final judgment entered in the Circuit Court in and for Kenton County, Kentucky (the "Kentucky court"), on Decem-

ber 7, 1983. The Plaintiff domesticated this foreign judgment on February 4, 1997, by recording the judgment in Highlands County, Florida, pursuant to Florida Statutes § 55.501, et seq., known as the "Florida Enforcement of Foreign Judgments Act." The judgment established Defendant's liability to Plaintiff for embezzlement, and the Plaintiff argues in the instant motion that the Kentucky court's ruling is binding upon this Court under principles of *res judicata.* On November 10, 1988, the Defendant filed a voluntary Chapter 7 petition in the United States Bankruptcy Court for the Eastern District of Kentucky. In that case, the Plaintiff filed an adversary proceeding similar to the instant proceeding, and the United States Bankruptcy Court for the Eastern District of Kentucky entered an agreed judgment on May 17, 1989, determining the Kentucky court judgment to be nondischargeable. In the instant motion, the Plaintiff argues in the alternative that under the terms of Section 523(a)(4), a determination of dischargeability is binding in a subsequent proceeding under Chapter 7. In her Answer and Affirmative Defenses, the Defendant argues that the judgment is not collectible because the applicable fifteen-year statute of limitations, Kentucky Revised Statutes, Chapter 413.090, has run. Having considered the arguments and the relevant case law, the Court finds that the determination of nondischargeability entered by the United States Bankruptcy Court for the Eastern District of Kentucky is binding in the instant proceeding. Notwithstanding, the Court finds that the judgment is uncollectible.

Regarding the binding effect of a prior determination of nondischargeability, the Court is persuaded by Judge Wilson's opinion in *Royal American Oil and Gas Co. v. Szafranski,* 147 B.R. 976 (Bankr. N.D.Okla.1992). In *Szafranski,* the court noted that 11 U.S.C. § 523(b) provides that a debt excepted from discharge under subsections (a)(1), (a)(3), or (a)(8) in a prior bankruptcy case is dischargeable in a subsequent case unless nondischargeability is reestablished. *See id.* at 981. The court sought to determine whether Section 523(b) provided by negative implication that debts excepted from discharge in a prior bankruptcy under subsections (a)(2), (a)(4), (a)(6), and (a)(9) are nondischargeable as a matter of law in subsequent bankruptcies. *See id.* at 982. The court found that Section 523 is ambiguous in that it "suggests and supports, but does not clearly compel, such a negative inference." *Id.* at 983. To resolve the ambiguity, the court undertook an extensive analysis of the legislative history and legal and equitable context of Section 523. *See id.* at 983–88. The court found that a negative inference is warranted under Section 523(b), offering the following explanation:

> § 523(b) continues and improves upon the tradition of [Bankruptcy Act] § 17b. It recognizes that specified types of exception to discharge, e.g. under § 523(a)(1), (3) and (8), need not involve debtor's "dishonest dealing with the creditors," and deserve to be up-dated and reconsidered if circumstances change in a second bankruptcy case. This is an express limitation of an implied general principle. The general principle is that other types of exception to discharge, especially under § 523(a)(2), (4), or (6), do involve "dishonest dealing with the creditors," which circumstances do not change in a second bankruptcy case. When the dishonest circumstances and nondischargeable character of such a debt have been judicially determined once, they need not be determined again.

*Id.* at 988.

 In the Debtor's previous bankruptcy case, the United States Bankruptcy Court for the Eastern District of Kentucky ruled the subject debt nondischargeable under Section 523(a)(4). This ruling is binding on the instant Court under Section 523(b). *See id.* Accordingly, the Plaintiff's motion for summary judgment shall be granted. However, a finding of nondis-

chargeability does not breathe new life into a debt that is uncollectible pursuant to non-Code statutes of limitations. *See United States v. Fingers,* 170 B.R. 419, 437 (S.D.Cal.1994) (holding nondischargeable federal tax deficiencies were uncollectible as a matter of law when the statute of limitations in the Internal Revenue Code had expired). The issue of collectibility has been raised in pleadings and is central to this adversary proceeding; and it is therefore a proper subject of this Court's determination.

The Plaintiff argues that the applicable statute of limitations is Florida Statutes § 95.11(1), which establishes a twenty-year limitations period for the collection of a judgment rendered by a court in Florida. The basis for this argument is that once a foreign judgment is domesticated under the Florida Enforcement of Foreign Judgments Act, it becomes a Florida judgment subject to Florida's statute of limitations. The Plaintiff relies for this proposition on *Fairbanks v. Large,* 957 S.W.2d 307, 310 (Ky.App.1997) (holding Kentucky's fifteen-year statute of limitations for actions upon a foreign judgment applied to a proceeding brought under the Uniform Enforcement of Foreign Judgments Act to enforce two Florida judgments).

The Plaintiff contends that *Fairbanks* establishes the rule regarding application of limitations statutes under the Uniform Enforcement of Foreign Judgments Act. However, many other courts have considered the same issue and "produced a marvel of diversity and non-uniform results." *Le Credit Lyonnais, S.A. v. Nadd,* 741 So.2d 1165, 1168 (Fla. 5th DCA 1999) (*citing, e.g., Durham v. Arkansas Department of Human Services/Child Support Enforcement Unit,* 322 Ark. 789, 912 S.W.2d

412 (1995)) (upholding enforcement of foreign judgment revived in rendering jurisdiction, although original judgment would have been barred by forum's statute of limitations); *Walnut Grove Products, Div. of W.R. Grace & Co. v. Schnell,* 659 S.W.2d 6 (Mo.App. W.D.1983) (holding a foreign judgment registered under the uniform act could be revived pursuant to the forum state's law and procedures and not the rendering state's law and procedures); *Johnson Bros. Wholesale Liquor Co. v. Clemmons,* 233 Kan. 405, 661 P.2d 1242 (1983) (holding foreign judgment revived in originating state could be recorded and enforced in forum state); *G & R Petroleum, Inc. v. Clements,* 127 Idaho 119, 898 P.2d 50 (1995) (refusing to enforce a renewed foreign judgment which had been revived in rendering state when original judgment was barred by foreign state's statute of limitations); *see also Wright v. Trust Co. Bank,* 219 Ga.App. 551, 466 S.E.2d 74, 75 (1995)

( [The Uniform law is expressly made alternative to the right of a judgment creditor to bring an action to enforce a foreign judgment.][1] The uniform law provides a summary procedure for endowing a filed foreign judgment with the same effect as a judgment of the court in which it is filed. It is not a new action but merely picks up where it was left off in the state where rendered.... Thus, [Georgia's statute of limitations for actions on foreign judgments] is not applicable to filings under the uniform law. Rather, a foreign judgment so filed stands in the same shoes as a judgment of the court in which it is filed. (citations omitted)).

■ This case raises an issue of first impression in Florida.[2] The Florida Leg-

---

1. Similarly, Florida Statutes § 55.502(2) provides: "This act shall not be construed to impair the right of a judgment creditor to bring an action to enforce his judgment instead of proceeding under this act."

2. In a recent opinion not yet released for publication, the Fourth District Court of Ap-

peal of Florida addressed a similar issue where a judgment creditor sought to register a dormant Texas judgment after Texas' limitations period for revival had lapsed. *See Muka v. Horizon Financial Corp.,* 2000 WL 121792, —— So.2d —— (Fla. 4th DCA Feb. 2, 2000). Consistent with the instant Court's decision,

422

islature adopted the Uniform Enforcement of Foreign Judgments Act in 1984 as Florida Statutes § 55.501, et seq. However, the legislature added a non-uniform provision in Section ·55.502(4): "Nothing contained in this act shall be construed to alter, modify, or extend the limitation period applicable for the enforcement of foreign judgments." Given the lack of definitive Florida case law on this particular issue, the Court is compelled to interpret Section 55.502(4) according to its "plain language." If other courts have held a forum state's statute of limitations inapplicable where the state had adopted the Uniform Act as drafted, then surely this Court should do so where the Florida legislature has added a non-uniform provision that seems to mandate such a ruling. Accordingly, the Court finds that the Kentucky court judgment is subject to the fifteen year statute of limitations imposed by Kentucky Revised Statutes, Chapter 413.090. The limitations period ran on December 7, 1998, and the judgment is therefore uncollectible.

For the foregoing reasons, it is hereby

ORDERED that the Plaintiff's Motion For Summary Judgment is granted.

the *Muka* court determined that the creditor could not register the judgment in Florida.